**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 05-1008

LLOYD MATTHEWS,

Plaintiff, Appellant,

v.

EFRAIN VARGAS, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Torruella, Lynch and Howard,
Circuit Judges.

Lloyd Matthews on brief pro se.
Stephen G. Dietrick, Deputy General Counsel, and Nancy Ankers White, Special Assistant Attorney General, on brief for appellees, Efrain Vargas, Gilbert Lemon, II, Lucien Mandeville, John Faulkner, Brian Gomes, John Marshall, John McGonagle, John Jones, and Richard Picard.
David A. Hilton, Lisa R. Wichter and Morrison Mahoney LLP, on brief for appellees, Khalid Khan, M.D., Carla Cesario, Kristen Curry, Maureen Quinty, and Denise MacKinnon.

November 20, 2007

**Per Curiam**.    Lloyd Matthews sued numerous prison correctional and medical officials who, he alleged, inflicted unlawful injury and provided inadequate medical care to him.  The medical defendants were granted summary judgment.  Matthews proceeded to a jury trial against the remaining correctional defendants, two of whom, Officers Vargas and Lemon, countersued Matthews for their own injuries.  At the conclusion of the trial, the claims against certain of these correctional defendants were dismissed.  As to those who remained, the jury verdict was mixed. The jury found in favor of the defendants on most of Matthews' claims.  The jury, however, did find in favor of Matthews against Lieutenant Picard, awarding Matthews compensatory damages in the amount of $1.00.  The jury rejected Officer Lemon's counterclaim. It found in favor of Officer Vargas on his counterclaim and awarded $1.00 in compensatory damages against Matthews.  Matthews has appealed.  We affirm.

1. Discovery and the appointment of counsel

Matthews' primary complaint on appeal which underlies and infects all of his claims is his contention that he was denied discovery. We reject that contention.  We have carefully reviewed the extensive record and it is clear that, rather than moving his case forward, Matthews spent an inordinate amount of time filing repetitive motions resisting the court's rulings which, contrary to Matthews' continued assertions, did not deny him all discovery but

-2-

simply refused Matthews' request to conduct deposition discovery in the manner which he had requested. This waste of time included at least three attempts at seeking mandamus relief from our court. Matthews did obtain some documentary discovery and could have obtained, but did not, deposition discovery by written questions. The district court did not abuse its discretion in its handling of the discovery issues in this case. See Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 64 n.7 (1st Cir. 2003) (reciting the abuse of discretion standard for discovery rulings). After more than six years and 260 separate docket entries, there was no abuse of discretion in setting this case for trial. Similarly, there was no abuse of discretion in the district court's denial of Matthews' repeated motions for appointment of counsel. See DesRosiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991) (reciting the district court standard for appointment of counsel and the appellate standard of review).

2. Summary judgment in favor of the medical defendants

The district court did not err in granting summary judgment in favor of the medical defendants. As he conceded at the pretrial conference, Matthews lacked evidence, whether through expert testimony or otherwise, as to the proper level of care and how the medical defendants had deliberately fallen below that level. The district court correctly concluded that, accordingly, no jury could find that the medical defendants displayed deliberate

-3-

indifference.  See Ruiz-Rosa v. Rullan, 485 F.3d 150, 156 (1st Cir. 2007) (reliance primarily on the allegations in complaint to oppose summary judgment on a claim of deliberate indifference does not satisfy Rule 56 standard); Acosta v. U.S. Marshals Serv., 445 F.3d 509, 514 (1st Cir. 2006) (court is not required to credit plaintiff's bare and conclusory assertion that defendants were deliberately indifferent to serious medical need).  For reasons already noted, we reject Matthews' contention that he was prevented from seeking expert testimony to support his claims.

3. Denial of trial witnesses

The district court did not err in declining to issue witness subpoenas because Matthews had not provided the appropriate witness fees, see Fed. R. Civ. P. 45(b)(1), explaining that the court was not permitted to expend public funds on behalf of a private litigant in a civil action.  On appeal, Matthews cites no counter authority.  Nor did the court err or abuse its discretion in refusing to issue writs of habeas corpus ad testificandum to inmates.  Matthews did not specify the contents of any expected testimony, explaining that he had "no idea what his witnesses will recall of the events at issue."  In any event, none of Matthews' proposed inmate witnesses were eyewitnesses to the incidents at issue. And, the detail which Matthews now provides on appeal as to the expected testimony of all of his proposed witnesses suggests

that the testimony would not have been relevant or, if relevant, would have been cumulative, at best.

4. Claims of harassment and excessive force

Assuming, without deciding, that Matthews properly raised and preserved an objection to the district court's refusal to send his allegations of harassment as a separate claim to the jury, there was no error. These claims did not rise to the level of a constitutional violation. See Skinner v. Cunningham, 430 F.3d 483, 489 (1st Cir. 2005) (slamming cell door, threats, discourtesies, epithets, and false charges on petty matters do not amount to an Eighth Amendment violation). Nor did the court err in refusing to put to the jury Matthews' complaint about the enforcement of the prison's strip search policy.

Matthews' suggestion that he sufficiently raised and preserved a claim under the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, § 11, ("MCRA") fares no better. "The MCRA creates no substantive civil rights; rather, it provides a mechanism for obtaining relief from the interference, or attempted interference, with rights conferred by Federal or Massachusetts law." Howcroft v. City of Peabody, 51 Mass. App. Ct. 573, 593, 747 N.E.2d 729, 745 (2001). Matthews' allegations of harassment do not rise to the level of a constitutional violation and, on appeal, he has not identified any other right secured by federal or state law for which the MCRA might provide legal redress.

Similarly, there was no error in the district court's refusal to issue a separate jury instruction on the use of excessive force, concluding that it was satisfied that the charge given covered it. Matthews does not point to any particular deficiency in the charge given. And, we reject his garbled contention that the standard of proof for a claim of excessive force is somehow different from that of an Eighth Amendment claim. See Whitley v. Albers, 475 U.S. 312, 327 (1986) ("We think the Eighth Amendment, which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions, serves as the primary source of substantive protection to convicted prisoners ... where the deliberate use of force is challenged as excessive and unjustified.").

5. Claim of retaliation

Matthews opined that Officers Vargas and Lemon had filed their counterclaims in retaliation for his own claims against them. He sought to question these officers as to whether either had ever been assaulted by other inmates but had failed to sue them for their injuries. The district court precluded this line of questioning and did not abuse its discretion in doing so. Torres-Arroyo v. Rullan, 436 F.3d 1, 7 (1st Cir. 2006) (a decision to exclude evidence is reviewed for abuse of discretion). Citizens have the right to file counterclaims that, as was the case here, have an arguable basis. The court acted within its discretion to

-6-

confine the questioning to the particular incidents at issue here and to refuse Matthews' desire to explore the possible existence of potential, but unpursued, claims against other inmates. We note that Matthews was permitted to argue in his closing that Vargas and Lemon had brought their counterclaims only as an unsuccessful attempt to intimidate him into dropping his suit.

6. Directed verdicts

Matthews claims error in the directed verdicts entered in favor of three defendants, who Matthews had sued in their supervisory capacity. Since summary judgment was properly granted in favor of the medical defendants, there was no error in granting directed verdicts in favor of Lieutenant Gomes and Superintendent Marshall. Similarly, since the jury found against Matthews with respect to his claims concerning the incidents of October 7, 1997, there was no error in the directed verdict in favor of Captain McGonagle. With no finding of a constitutional violation, there can be no supervisory liability. See Hatfield-Bermudez v. Aldanondo-Rivera, 496 F.3d 51, 63 (1st Cir. 2007).

7. Evidentiary rulings

Finally, we have considered Matthews' myriad complaints about various of the district court's evidentiary rulings. Many of these complaints are terse recitations without substantive supporting legal argument. We have considered them all, but decline to respond point by point. We reject them all.

-7-

The judgment of the district court dated November 9, 2004 is <u>affirmed</u>.